**Janice B. OUTEN, et al.,**

v.

**BALTIMORE COUNTY, MARYLAND, et al.**

**No. Civ. No. Y–96–402.**

United States District Court, D. Maryland.

Jan. 28, 1998.

C. Christopher Brown, Lauren E. Willis, Baltimore, MD, for Plaintiffs.[1]

Virginia W. Barnhart, Cty. Atty., Gregory E. Gaskins, Asst. Cty. Atty., Towson, MD, for Defendants.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

Plaintiffs bring this suit seeking to vacate an order of this Court dated March 18, 1994 dismissing certain federal claims and remanding various state-law claims to the Circuit Court for Baltimore County, Maryland. Defendants move to strike the complaint or to dismiss the case. The sole issue for decision is whether the Court may vacate the prior decision under the "fraud on the court" doctrine.

This protracted litigation stems from the termination of certain Baltimore County employees in February 1993. The County terminated over 200 of its full-time, merit-system employees at that time, asserting that a

---

1. Numerous Plaintiffs are apparently proceeding with this suit *pro se*. Their names are not listed separately.

severe, unexpected, fiscal crisis necessitated this sudden action. Plaintiffs allege the firings were motivated by the County's desire to eliminate employees with whom the County had political, regulatory or environmental differences.

In October 1993, Plaintiffs filed suit in the Circuit Court for Baltimore County, Maryland, which was removed to this Court shortly thereafter. *Janice B. Outen et al. v. Baltimore County, Maryland et al.,* Civil No. H–93–3717 (*"Outen I"*). The Court dismissed Plaintiffs' federal claims and remanded the remainder of the suit to state court in March 1994. In September 1995, the state trial court dismissed Plaintiffs' state law claims. Plaintiffs then filed this case in February 1996. Since that time, the Maryland Court of Special Appeals affirmed *Outen I* in September 1996 by unpublished opinion, and the Maryland Court of Appeals declined to grant certiorari. *Outen v. Baltimore County,* 344 Md. 568, 688 A.2d 446 (1997).

Defendants now move to dismiss or to strike the complaint, arguing that Plaintiffs fail to demonstrate a fraud on the Court. Plaintiffs respond that County officials fraudulently represented the existence of a fiscal crisis to the Court in the earlier proceeding, and that Plaintiffs have only recently uncovered the alleged fraud. For the reasons explained more fully herein, the Court will grant Defendants' motion.

## II.

As an initial matter, the Court must determine the legal standard to apply in resolving Defendants' motion. The motion is styled as a motion to strike, but also seeks dismissal of the complaint. A review of the motion indicates that its essential purpose is to challenge the sufficiency of the complaint. Defendants assert that Plaintiffs are barred under FED.R.CIV.P. 60(b)(3) from seeking to vacate the prior judgment on grounds of fraud, and that they cannot avail themselves of the fraud on the court doctrine. In essence, Defendants seek dismissal of the complaint for failure to state a claim upon which relief can be granted because in Defendants' view, no relief is available. Accordingly, the Court will disregard the technical name of the motion and treat it as one to dismiss under FED.R.CIV.P. 12(b)(6). *See Wray v. Edward Blank Assocs.,* 924 F.Supp. 498, 501 (S.D.N.Y.1996); *United States v. Taylor,* 909 F.Supp. 355, 358 (M.D.N.C.1995); 5A FEDERAL PRACTICE & PROCEDURE § 1380, at 646 & n. 7. The motion refers to materials outside the pleadings, and the Court will refer to those materials to determine the nature and quality of the Court's prior decision and the evidence before the Court at that time. Therefore, the motion will be treated as one for summary judgment under FED.R.CIV.P. 56. *Finley Lines Joint Protective Bd. v. Norfolk Southern Corp.,* 109 F.3d 993, 995 (4th Cir.1997). Accordingly, Defendants are entitled to judgment if no genuine dispute exists as to a material fact and if Defendants are entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).

## III.

FED.R.CIV.P. 60(b)(3) permits the Court to relieve a party from a final judgment or order for "fraud ... misrepresentation, or other misconduct of an adverse party." *Id.* Rule 60(b) requires that a motion under subdivision (b)(3) be made within one year after the judgment or order is entered. In this case, the Court's initial Order of dismissal and remand was entered on the civil docket on March 22, 1994, and this action was filed February 9, 1996—well after the one-year limitations period. Plaintiffs concede, as they must, that Rule 60(b)(3) cannot relieve them from the earlier Order. However, the limitations period of Rule 60(b)(3) does not limit the Court's power to set aside a judgment under the "fraud on the court" doctrine. Accordingly, the Court must determine whether or not Plaintiffs meet the requirements for relief under this doctrine.

"Fraud on the court" is a doctrine more difficult to define than to apply. Because the doctrine permits a Court to overturn settled decrees and orders, it is narrowly construed and is confined to the "most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function

impartially is directly impinged." *Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 675 F.2d 1349, 1356 (4th Cir.1982). Courts routinely hold that only fraud which does, or attempts to, defile the court itself, or is perpetrated by its officers, constitutes fraud on the court. *E.g., Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 460 (2nd Cir.1994); *see also Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir.1996); *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996). The party alleging fraud on the court must prove it by clear and convincing evidence, and all doubts are resolved in favor of sustaining the prior court action. *Weese*, 98 F.3d at 552.

█ Because the contours of this doctrine are elusive, the existence of fraud on the court depends on the circumstances of the particular case. It is clear, however, that perjury or the fabrication of evidence alone, or fraud that is primarily *inter partes*, does not constitute fraud on the court absent the encouragement or involvement of the attorneys involved or other court involvement. *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 245–46, 64 S.Ct. 997, 1000–01, 88 L.Ed. 1250 (1944), *overruled on other grounds by Standard Oil Co. v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); *United States v. Throckmorton*, 98 U.S. 61, 66, 25 L.Ed. 93 (1878), *overruled on other grounds by Marshall v. Holmes*, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891); *Great Coastal Express*, 675 F.2d at 1356–57. In fact, any fraudulent or perjured matter which was actually presented and considered by the court in reaching its decision cannot ground such a claim under the doctrine of estoppel. *Throckmorton*, 98 U.S. at 66–68; *cf. Hazel–Atlas, supra* (finding fraud on the court where attorney participated in scheme to perpetrate a fraud upon an appellate court).

█ Plaintiffs' sole basis to support its claim of fraud on the court is the Court's reliance on Defendants' allegedly fraudulent representations of a fiscal crisis in Baltimore County justifying Plaintiffs' terminations. Plaintiffs specifically state that "these [County] officials *had fraudulently misrepresented* the County's fiscal condition *to the court and the public.*" Def.'s Opp. at 8 (emphasis supplied). Even assuming the truth of Plaintiffs' assertions, as the Court must on a motion for summary judgment, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986), this type of fraud does not support a finding of fraud on the court. Plaintiffs simply allege that Defendants presented either perjured testimony or fabricated evidence. As discussed above, neither will support a finding of fraud on the court absent a showing that Defendants' attorneys or another court official knowingly participated in presenting such testimony. *Great Coastal Express*, 675 F.2d at 1357; *see also Hazel–Atlas, supra.* No such evidence is presented here.

Simply stated, this is the type of case which cannot constitute fraud on the court under *Hazel–Atlas* and the overwhelming weight of case law—a case in which an order or judgment is obtained with the aid of evidence which, on the basis of after-acquired evidence, is later suspected of perjury or fabrication. *Hazel–Atlas*, 322 U.S. at 245, 64 S.Ct. at 1000–01; *Great Coastal Express*, 675 F.2d at 1357. In *Outen I*, the Court necessarily considered the allegedly fraudulent representations concerning the County's fiscal crisis in reaching its earlier decision to dismiss Plaintiffs' federal claims, further foreclosing the applicability of this doctrine under an estoppel theory. *Throckmorton*, 98 U.S. at 66–68. In the absence of something more, Plaintiffs' allegations cannot support a finding of fraud on the court. Rather, the parties, and our legal system, must rely on other, internal, legal safeguards to ferret out such repugnancies. *Great Coastal Express*, 675 F.2d at 1357. The strong presumption in favor of finality of judgments requires nothing less.

### IV.

The Court holds that Plaintiffs have failed to demonstrate fraud on the court. Because Plaintiffs have failed to do so, and because Plaintiffs may not present their fraud claim under Rule 60(b)(3), Defendants are entitled to judgment as a matter of law based upon

**350**

the undisputed factual and procedural posture of this case.[2]

Based upon the foregoing analysis, Defendants' motion will be granted and judgment will be entered for Defendants.

---

**2.** The Court further concludes that the same result would ensue were it to treat Defendants' motion as one to dismiss under Rule 12(b)(6). Plaintiffs' complaint fails to state a claim upon which relief can be granted under that rule because they cannot proceed under Rule 60(b)(3), and even assuming the truth of their allegations, as the Court must on a Rule 12(b)(6) motion, *see*

*Waterford Citizens' Ass'n v. Reilly*, 970 F.2d 1287, 1290 (4th Cir.1992), the complaint fails as a matter of law to state a claim of fraud on the court for which the requested relief can be granted for the reasons discussed above. Accordingly, dismissal would be appropriate under Rule 12(b)(6).