**Roy SMITH, Plaintiff–Appellant,**

**v.**

**AMERICAN EXPRESS COMPANY, James D. Robinson III, President, Kenneth Loschin, Comptroller, Rick Burns, Manager, Accounting Department, George Protopsaltis, Supervisor, Accounting Department, Reconciliation Unit, Amilda Manzo, Supervisor, General Ledger Unit, Maria Laringaga, Manager of Budgeting, and Melanie Farley, Personnel Representative, Defendants–Appellees.**

**No. 961, Docket 87–7828.**

United States Court of Appeals, Second Circuit.

Argued April 6, 1988.

Decided Aug. 4, 1988.

Michael Ira Asen, New York City (Lloyd M. Bleecker, Sherri Lee Steiner, New York City, of counsel), for plaintiff-appellant.

Susan S. Egan, New York City (Edwards & Angell, New York City, Stephanie R. Cooper, of counsel), for defendants-appellees.

Before LUMBARD, OAKES and MINER, Circuit Judges.

LUMBARD, Circuit Judge:

Roy Smith appeals from an order of the Southern District, Kram, *J.*, August 13, 1987, which granted American Express Travel Related Services Company, Inc.'s motion for summary judgment and dismissed Smith's action for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We agree with Judge Kram that Smith failed to sustain his burden of proving by a preponderance of the evidence that the legitimate business reason given by American Express for denying his promotion was not its true reason, but was a "pretext for ... discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973). Accordingly, we affirm.

I.

Roy Smith, a black male, has been employed by American Express since April 1968. He is a high-school graduate and has completed college-level courses in Accounting I and II.

From 1968 to 1979, Smith worked in the Credit Card Division of American Express's Eastern Region Operations Center ("EROC") as an Accounting Clerk II. Apparently, during the years 1972–79, Smith was transferred a number of times within the Credit Card Division, which he contends impeded his career progress. In September of 1979, he was transferred to the Accounting Department and promoted to the position of Accounting Clerk I.

American Express customarily "posts" job openings in the various departments to allow in-house employees an opportunity to apply. On January 13, 1982, American Express posted a job-vacancy notice for the position of Accountant II. Smith applied for this position and at the bottom of his application his supervisor indicated that Smith's last two performance ratings had been "superior." American Express declined to promote Smith to the Accountant II position. In his affidavit, Smith stated "upon knowledge, information and belief another white candidate with less seniority and experience within the company was selected for the position." Smith offered no evidence regarding the identity or qualifications of the successful candidate.

On June 17, 1982, American Express announced a job opening for the position of Financial Analyst in the Budget Department. The job posting set forth the following minimum requirements:

1) Knowledge of accounting and financial analysis, principles and techniques, and budgetary and forecasting procedures.

2) Strong statistical analysis skills to prepare and analyze financial data.

3) Good interpersonal skills and written communication skills to interface with [American Express] management.

Smith was one of seven applicants for the position. His application revealed no experience or technical skill in budgetary and forecasting procedures, nor were Smith's courses in accounting listed in that section of the application which requested such information.

The successful applicant was Marie Fiorillo, a white female, who was in the process of obtaining her accounting degree at a local college. Her application listed a number of relevant courses she had completed and indicated that while employed in the Accounting Department her special assignments included work in budget and forecast preparation. More important, on her most recent performance appraisal Fiorillo had received an overall performance rating of 50, while Smith had received a 40. According to American Express, performance ratings, which consist of the supervisor's evaluation of an employee's performance in six specific areas, play an important role in promotion decisions.

On January 26, 1984, the position of accountant in the General Ledger Unit was posted. The minimum requirements for the position were described as:

1) Knowledge of Accounting Theory. Good research and analytical skills.
2) Familiar with ι manual or computerized G/L System.
3) Minimum 1–2 years experience preferably in a financial-oriented area.
4) Ability to perform Account Reconciliations.
5) Good interpersonal skills. Above average oral and written communication skills.
6) Ability to work the extra hours necessary to complete any assignment especially during month-end closings.

Smith's only competition for the position was Toula DiGiovanni, a white female who held the same position in the Accounting Department as Smith. DiGiovanni had been employed by American Express only a year and three quarters, as compared with Smith's sixteen years. However, she had a bachelor of science degree in economics from The City College of New York and had held a variety of jobs in the past which required managerial and administrative skills. Her most recent performance rating was 50 compared to Smith's score of 40. And her 1982 and 1983 performance appraisals both contained notations that her relationship with her co-workers and superiors was very good.

In contrast, Smith's record indicated that he had experienced difficulty in getting along with other employees and had been counseled by his supervisors in the past regarding his poor interpersonal relationships. On February 6, 1984, American Express informed Smith that his application had been rejected because he needed "to improve in the area of oral communication and accounting theory."

DiGiovanni left American Express approximately nine months later. The accountant position was again posted, but Smith did not apply. The position was filled by Yolanda Campos who stayed for approximately two and a half months. After Campos's departure, Smith applied for and was selected for the accountant position in May 1985 over two other applicants, one of whom was a white male.

On May 18, 1984, approximately a year before he was promoted to accountant, Smith filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) claiming he had been denied "promotional opportunities" and specifically referring to DiGiovanni's selection in 1984 for the accountant position. The EEOC issued a Right to Sue letter on March 11, 1985. Smith filed the complaint in the instant case on May 1, 1985, alleging, *inter alia*, that American Express had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

In granting American Express's motion for summary judgment, Judge Kram found that, although Smith had made out a *prima facie* case of discrimination, American Express had articulated a legitimate, nondiscriminatory reason for promoting DiGiovanni instead of Smith. Thus, the bur-

den shifted back to Smith to prove that the reasons offered by American Express for his rejection were not its true reasons, but were a "pretext for ... discrimination." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed. 2d 668 (1973). Judge Kram concluded that Smith failed to satisfy this burden by coming forward with "affidavits, deposition testimony or any other sworn documents containing admissible evidence" to refute American Express's claim.

## II.

In order to prevail in a Title VII action a plaintiff must first prove by a preponderance of the evidence a *prima facie* case of discrimination. If he is successful, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). If' the defendant succeeds in establishing such a reason, the plaintiff, who retains the ultimate burden of persuasion, must have "an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

Summary judgment is ordinarily inappropriate in a Title VII action where a plaintiff has established a *prima facie* case. *See Lowe v. City of Monrovia,* 775 F.2d 998, 1009 (9th Cir.1985). However, as the nonmoving party, Smith had the burden of coming forward with specific facts showing the existence of a genuine issue for trial. Fed.R.Civ.P. 56(c). Here Smith failed to supply any evidence to support a finding that his employer's justifications were merely a pretext for discrimination.

Although Smith's complaint and other papers refer to several instances of alleged discrimination, on appeal he challenges only the district court's conclusion that American Express established a legitimate business reason for his rejection.

American Express demonstrated legitimate reasons for preferring DiGiovanni to Smith, effectively rebutting Smith's *prima facie* case. Not only did DiGiovanni have a higher job performance rating, but she also had superior interpersonal skills. William Taylor, the Comptroller of the EROC and the individual to whom Smith's supervisor reports, explained in his affidavit that he observed Smith on several occasions "talking down to his co-workers in a condescending manner" and "yelling at other employees."

Smith argues that Judge Kram erred in granting summary judgment because a triable issue of fact regarding the "validity of [American Express's] employee rating system" exists. According to Smith, DiGiovanni should have been ineligible under American Express's internal standards for promotion because she had too many chargeable absences. In support of this allegation, Smith annexed to his affidavit,[1] an unsigned chart, which he apparently drew up himself, purportedly detailing DiGiovanni's absences. The table depicts DiGiovanni as having fifteen days of chargeable absences and eight occurrences during the period under review. American Express's Personnel Policy Manual states that eight occurrences with eleven or more chargeable absences are grounds for termination.[2] Smith also alleged that DiGiovanni received a higher rating because one of her relatives is a friend of the supervisor of

---

1. In response to American Express's motion, Smith submitted an affidavit which "incorporated by reference all facts and circumstances" stated in the attached memorandum of law in opposition to defendants' motion. Represented by new counsel on appeal, Smith claims that Judge Kram overlooked the facts in favor of Smith's position as a result of their "unorthodox" presentation. However, it is evident from the district court's opinion that the facts incorporated by reference were considered.

2. According to American Express's brief on appeal, when discovery was reopened on the absence issue in June of 1987, the information it provided to Smith indicated that Smith's chart was incorrect and that DiGiovanni's attendance record was actually better than his own. However, this information was not given to the district court because Smith made no motion to supplement the record.

the Accounting Department. Both of these allegations, are unsupported by any admissible evidence and are based on information and belief, rather than personal knowledge as required by Fed.R.Civ.P. 56(e).

We reiterate that it is the unusual case where a Title VII action should not be allowed to proceed to trial once a plaintiff has made out a *prima facie* case of discrimination. However, Smith's affidavit and memorandum reveal nothing that would convince a factfinder that the reasons given by American Express for promoting DiGiovanni rather than Smith were a pretext for discrimination. Rather his allegations are conclusory and unsupported by evidence of any weight; they are insufficient to satisfy the requirements under Rule 56(e). *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Affirmed.