**B. Vivian WALKER, Plaintiff,**

**v.**

**N.Y.S. OFFICE OF MENTAL HEALTH, Rockland Psychiatric Center, Defendants.**

**No. 92 Civ 6183 (VLB).**

United States District Court, S.D. New York.

July 5, 1994.

Raymond F. Gregory, New York City, for plaintiff.

Vincent DeLong, Asst. Atty. Gen., New York City, for defendants.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

**I**

This employment discrimination case under Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e) involves both specific instances of nonpromotion to a supervisory position or denial of favorable transfer, and an alleged continuing pattern of discrimination. Defendant has moved for summary judgment. For the reasons set

forth below, the question of whether or not this motion should be granted is sufficiently close that the parties are requested to revisit options for settlement prior to my ruling on the motion.

## II

Plaintiff has unsuccessfully applied for promotion, or has been passed over by not being considered for promotion, on nine instances between 1988 and 1990. She contends that her race was the reason. The defendant asserts that all but two of these instances are time barred, but adjudication of that contention at this stage would serve little purpose since conduct even if time-barred as a separate ground for relief, can shed light on claims which are within applicable time limits. See *Local Lodge 1424 v. NLRB,* 362 U.S. 411, 416, 80 S.Ct. 822, 826, 4 L.Ed.2d 832 (1960).

■ In one of the two instances not claimed by the defendant to be time barred, see *Lambert v. Gensee Hospital,* 10 F.3d 46, 53 (2d Cir.1993), it is contended that plaintiff was unqualified because she lacked at least two years of administrative or supervisory experience. The person in fact selected in that instance did not have such experience within the defendant agency. Where a policy, be it formal or informal, is "not ... consistently applied ... [but in a particular instance is] invoked with a strictness ... that could only demonstrate some underlying motive," *Arlington Heights v. Metropolitan Housing Corp.,* 429 U.S. 252, 269, 97 S.Ct. 555, 565, 50 L.Ed.2d 450 (1977), an adverse inference can be drawn. Defendant, however, has provided an affidavit by the applicant chosen that he did have such experience elsewhere. That affidavit has not been contradicted by direct evidence or through impeachment of the affiant through discovery.

Moreover, the initial interviews for this promotion resulted in three African-American and three other finalists, and the final selection resulted in one African-American and one other person (but not plaintiff) receiving the promotion.

In regard to the remaining instance of nonpromotion, and throughout, defendant re-lies on interview reports rating others above plaintiff. Fourteen candidates, including two African-Americans and one Asian, rated above plaintiff in the interviewing.

■ Selection of candidates for supervisory positions inherently involves judgmental aspects which are difficult to evaluate. See generally *Smith v. American Express Co.,* 853 F.2d 151 (2d Cir.1988).

■ Subjective factors neither suggest illegal discrimination nor do they provide a curtain which insulates an employer from the obligation to obey equal opportunity legislation. See *Watson v. Fort Worth Bank & Trust Co.,* 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988); Mertens, "Watson v. Fort Worth Bank & Trust," 14 Employee Rel.L.J. No. 2 at 163 (Fall 1988).

## III

■ Statistics regarding the two particular promotions not received by plaintiff and not claimed to be beyond the statute of limitations favor the defendant's contention that no discrimination occurred. Plaintiff, however, points to the appearance of lack of diversity in selection of employees for tryouts as acting supervisors, a phenomenon which is troublesome if it cut off the only realistic avenue open to plaintiff to satisfy the employer's experience requirement for promotion.

Requiring employers to justify disparities in work assignments carrying degrees of responsibility would tend to compel accumulation of paperwork to justify such day-to-day decisions and shift attention from the work to be done, focusing it instead on who is doing what, with destructive consequences to the viability of the enterprises involved. See Fasman, "Legal Obstacles to Alternative Workforce Designs," 8 Employee Rel LJ 146 (1982). For this reason, courts have never held so-called "pre-selection" to be an independent *per se* violation of antidiscrimination laws or adequate evidence of such a violation if standing alone. See, e.g., *Odom v. Frank,* 3 F.3d 839, 845 (5th Cir.1993); *Edwards v. Marsh,* 644 F.Supp. 1564, 1567–68 (E.D.Mich.1986).

It is important for employers to be able to assign employees for work entailing greater responsibility as needed based on perceived ability to contribute to the work to be done, without having to be concerned about the impact on statistics or that choice of personnel for particular assignments will engender lawsuits. Separate judicial scrutiny of such day-to-day decisions could involve the courts in micro-management of the workplace, would generate massive amounts of paperwork, would involve "delusive exactness."[1] See *Christiana v. Metropolitan Life Ins. Co.,* 839 F.Supp. 248 (S.D.N.Y.1993).

Where, however, an employer combines lack of equity in providing acting supervisory opportunity with a rigid mandatory requirement that such experience or the equivalent be established prior to promotion, a more difficult problem is presented. Defendant has yet to address the significance of this problem affecting the viability of its defense.

Also of concern are overall statistics concerning promotion set forth in plaintiff's Statement Pursuant to Local Civil Rule 3(g), Dkt. No. 11. While not necessarily covering sufficient numbers to be dispositive, these statistics are troublesome.

### IV

While it might be possible to rule on the pending Fed.R.Civ.P. 56 motion at this stage, there are gaps in regard to important factual matters. These present risks that injustice might be done either through dismissal of a claim because its merit is not sufficiently obvious on the surface, or through permitting a trial to go forward even though no genuine issue of material fact is presented. Neither risk would be acceptable. Where a case is sufficiently close to the line between these two hazards, other methods of seeking the "just, speedy and inexpensive"[2] determination of the dispute should be considered, including use of a neutral evaluator of plaintiff's actual qualification for promotion, whose conclusions defendant might agree to accept.[3] Such an evaluator could, with the consent of the parties, do what the court cannot do—determine informally whether a promotion of plaintiff would be in the interest of all concerned.

### V

The parties are directed to report to the court by conference telephone call within thirty (30) days of the date of this memorandum order whether or not settlement or means of promoting it have been agreed upon, or further assistance is desired.

Absent such settlement or agreement, or request for further assistance, defendant is directed to furnish within forty-five (45) days of the date of this memorandum order any available information concerning whether or not acting supervisory experience is effectively essential to promotion within the agency, and if so whether such experience has been made available in a nondiscriminatory manner.

SO ORDERED.

---

**1.** Holmes, J. dissenting in *Truax v. Corrigan,* 257 U.S. 312, 342–43, 42 S.Ct. 124, 133, 66 L.Ed. 254 (1921).

**2.** Fed.R.Civ.P. 1.

**3.** The effect of such a resolution on plaintiff's position as prevailing party under 42 U.S.C. § 1988 need not be considered at this stage. Nor is it necessary to consider now whether the state agency may be sued under 42 U.S.C. § 1981 as well as 42 U.S.C. § 1983 and 42 U.S.C. § 2000–e.