**B. Vivian WALKER, Plaintiff,**

v.

**N.Y.S. OFFICE OF MENTAL HEALTH, Rockland Psychiatric Center, Defendants.**

**No. 92 Civ 6183 (VLB).**

United States District Court, S.D. New York.

Dec. 1, 1994.

Raymond F. Gregory, New York City, for plaintiff.

Vincent DeLong, N.Y.S. Atty. Gen., New York City, for New York State Office of Mental Health.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This employment discrimination suit brought pursuant to Title VII of the Civil Rights Act of 1984 as amended (42 U.S.C. § 2000–e) concerns alleged nonpromotion to a supervisory position or denial of favorable transfer, and an alleged continuing pattern of discrimination. By memorandum order dat-

ed July 5, 1994, I reserved decision on defendant's motion for summary judgment to afford an opportunity for further factual submissions. *Walker v. New York State Office of Mental Health*, 865 F.Supp. 124 (S.D.N.Y. 1994). Familiarity with that decision is assumed.

I deny defendant's motion.

## II

Plaintiff has submitted sufficient evidence to establish a genuine issue of fact with respect to whether or not invidious discrimination occurred in regard to opportunities for staff to serve as acting supervisors; as indicated in my July 5, 1994 ruling, I do not rule that this is by itself a ground for asserting liability.[1]

As explained in my July 5, 1994 ruling, discrimination in provision of internal supervisory experience may acquire significance under Title VII where—as here—at least some of the positions for which plaintiff unsuccessfully applied required prior supervisory experience in the defendant agency or elsewhere.

I reserve decision until the time of trial with respect to claims concerning denials of promotions to positions not requiring prior supervisory experience. Evidence of alleged similar or related events will be admissible in any event. See *Local Lodge 1424 v. NLRB*, 362 U.S. 411, 416, 80 S.Ct. 822, 826, 4 L.Ed.2d 832 (1960); *Eatz v. DME*, 794 F.2d 29 (2d Cir.1986); *Phoenix Canada Oil Co. v. Texaco*, 842 F.2d 1466, 1478 (3d Cir.1988).

## III

Cases of this type involving promotion opportunities lend themselves to resolution of the core issue by commitment to refer the next relevant promotion decision to executives of the agency not involved in the matter before, or an outside person agreeable to both parties who can interview the plaintiff in the same way as an applicant

would be. Absent settlement, the materials set forth in my individual rules for trial readiness shall be submitted within 30 (thirty) days.

SO ORDERED.

---

1. Paperwork support for each managerial decision is not required by the antidiscrimination laws, nor is uniform compliance with internal policies adopted by executives of an employer. See *Oey v. Delta Airlines*, 1994 WL 24658, (1994 U.S.Dist. LEXIS 24658, 64 Fair Empl.Prac.Cas. (BNA) 1438 (SDNY Dkt No 93 Civ 3253, Jan 24, 1994), *aff'd* 35 F.3d 553 (2d Cir 1994); *Christiana v. Metropolitan Life*, 839 F.Supp. 248 (S.D.N.Y.1993).