Phillip McCULLOUGH, Plaintiff,

v.

FINANCIAL INFORMATION SERVICES AGENCY, City of New York, Defendant.

No. 91 Civ. 0472 (DAB).

United States District Court,
S.D. New York.

April 29, 1996.

---

Phillip McCullough, pro se Plaintiff.

Paul A. Crotty, Corporation Counsel of the City of New York, New York City, for the Defendant (Geoffrey A. Mort, of counsel).

### MEMORANDUM AND ORDER

BATTS, District Judge.

Plaintiff, *pro se,* brings a claim pursuant to Title VII of the Civil Rights Act of 1964 for race discrimination by his employer, the New York City Financial Information Services Agency ("FISA"). Plaintiff alleges the discrimination occurred when he was demoted from a Computer Associate to Computer Aide.

Defendant now moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### I. BACKGROUND

Plaintiff, a Computer Aide employed with FISA, was promoted to Computer Associate on September 5, 1989. (Pl.'s Aff. ¶ 1; Def.'s 3(g) Statement ¶ 17.) The position was subject to a one year probationary period. (Lee Aff. ¶ 2.) The Plaintiff was trained in the new duties he was expected to perform. (Lee Aff. ¶ 4; Pl.'s and Def.'s 3(g) Statements ¶¶ 18–20.) The Plaintiff's supervisor, Bill Lee, prepared weekly written progress reports·that the Plaintiff signed. (Lee Aff. ¶ 10; Pl.'s 3(g) Statement ¶ 25; Def.'s 3(g) Statement Ex.J.) At the end of three months the Plaintiff's supervisor wrote an unsatisfactory "probationary" evaluation of Plaintiff's progress based on the supervisor's personal observations and impressions of the Plaintiff's progress. (Lee Aff. ¶ 14; Pl.'s 3(g) Statement ¶ 39.) The report recommended discontinuance of the Plaintiff's probationary position. (Lee Aff. ¶ 15; Pl.'s 3(g) Statement ¶ 39.) It was noted that the signed weekly

reports were not used in the evaluation, but only developed to provide Plaintiff with a written record of the training provided. (Lee Aff. ¶ 10.) The Plaintiff was demoted, back to a Computer Aide on December 17, 1989. (Pl.'s Aff. ¶ a.) Plaintiff alleges he was demoted based solely on his race. (Pl.'s Aff. ¶ d.)

## II. DISCUSSION

Federal Rules of Civil Procedure, Rule 56(c) states:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

The principles applicable to summary judgment are familiar and well-settled. Summary judgment may be granted only when there is no genuine issue of material fact remaining for trial, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Corselli v. Coughlin,* 842 F.2d 23 (2d Cir. 1988). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

As a general rule, all ambiguities and all inferences drawn from the underlying facts must be resolved in favor of the party contesting the motion, and all uncertainty as to the existence of a genuine issue for trial must be resolved against the moving party. *La-Fond v. General Physics Servs. Corp.,* 50 F.3d 165, 171 (2d Cir.1995). As is often stated, "[v]iewing the evidence produced in the light most favorable to the nonmovant, if a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judg-

ment is appropriate." *Binder v. LILCO,* 933 F.2d 187, 191 (2d Cir.1991); *see also Bay v. Times Mirror Magazines, Inc.,* 936 F.2d 112, 116 (2d Cir.1991).

Plaintiff has failed to establish any genuine issues of material fact that would prohibit the Court from granting the Defendant's motion for summary judgment.

 "In order to prevail in a Title VII action a plaintiff must first prove by a preponderance of the evidence a prima facie case of discrimination. If he is successful, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Smith v. American Express Co.,* 853 F.2d 151, 154 (2d Cir.1988) (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). If the defendant succeeds in establishing such a reason, the plaintiff, who retains the ultimate burden of persuasion, must have "an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). As the non-moving party, the plaintiff has the burden of coming forward with specific facts showing the existence of a genuine issue of fact for trial. Fed.R.Civ.P. 56(c).

 To "establish prima facie that a termination is discriminatory, the plaintiff must prove that [he] was a member of a protected class, that [he] was discharged, and that there is evidence of disparate treatment from which the court may infer that discrimination caused the discharge. Such cause can be inferred from documentation of satisfactory performance, *Meiri v. Dacon,* 759 F.2d 989, 995 (2d Cir.1985 [sic] ), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985), or from evidence that the plaintiff was replaced by a person outside the protected class." *Sorlucco v. New York City Police Dep't,* 703 F.Supp. 1092, 1098 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds,* 888 F.2d 4 (2d Cir.1989). Here, the Plaintiff is an African–American, which quali-

fies as a protected class under Title VII. *McDonnell*, 411 U.S. at 801–03, 93 S.Ct. at 1824. The Plaintiff was not discharged, however, he was demoted from Computer Associate to Computer Aide. Hence, Plaintiff has met the first two requirements for a prima facie case. However, Plaintiff has failed to show any evidence of disparate treatment from which the court may infer that discrimination resulted in his demotion. The most specific allegation Plaintiff asserts is "an elaborate and sophisticated scheme has been used to conceal the general treatment of minorities. Documents have been submitted ... as [a] pretext to discriminatory practices. Policies and statements were also created as [a] pretext to discrimination." (Pl.'s Aff. ¶ d.) However, Plaintiff fails to support his conclusory allegation by providing any evidence whatsoever. Hence, the allegations are insufficient to satisfy the requirement under Fed.R.Civ.P. 56(e).

Furthermore, assuming arguendo the Plaintiff had established a prima facie case, the Defendant argues it was poor job performance that resulted in Plaintiff's demotion. The Second Circuit held that summary judgment in a Title VII case is warranted where the plaintiff can supply no evidence that his employer's justification was a pretext. *Smith*, 853 F.2d at 154. Plaintiff has failed to discount the Defendant's argument; he has failed to supply any evidence to support a finding that his employer's justification for demoting him is merely a pretext for discrimination. Plaintiff's reply papers simply duplicate the facts that are alleged in the Defendant's papers. Plaintiff does not deny there were weekly progress reports that he signed which indicated unsatisfactory performance, nor does he dispute the accuracy of his supervisor's recommendation to demote him nor does he come forward with evidence of satisfactory performance. Rather, he includes references to general grievances by himself and another co-worker, referred to above, without providing any specific facts that dispute why he was demoted or that show he was demoted based on his race, rather than his poor performance on the new job. (Pl.'s Aff. ¶¶ c, d.) Again, these allegations are insufficient to satisfy the requirement under Fed.R.Civ.P. 56(e).

### III. CONCLUSION

For the above reasons, the Defendant's motion for summary judgment is GRANTED.

SO ORDERED.