**Jessie SHORT, Plaintiff,**

v.

**DILLON, READ & CO. INC., Defendant.**

**No. 96 CV 4606(SJ).**

United States District Court,
E.D. New York.

Feb. 12, 1997.

Jessie Short, Brooklyn, NY, Pro Se.

Patricia A. Murphy, Epstein, Becker & Green, P.C., New York, NY, for Defendant.

### *MEMORANDUM and ORDER*

JOHNSON, District Judge.

### INTRODUCTION

The Plaintiff, Jessie Short, brings this action against her former employer, Dillon, Read & Co. Inc., pursuant to Title VII of the Civil Rights Act of 1964, alleging race and sex discrimination in conditions of employment, termination and failure to promote. The Defendant moves to dismiss the Plaintiff's complaint for failure to state a claim and lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendant claims that the Plaintiff has failed to exhaust her administrative remedies, has failed to establish a prima facie case of discrimination, and that the complaint is time-barred. The Defendant's motion to dismiss is granted.

### FACTS

The Plaintiff, a Black female, was employed as a data entry and keypunch operator with the Defendant for approximately nine years. The Plaintiff alleges that she was subjected to unjustly harsh performance critiques and workplace rules of conduct that did not apply to personnel of other races. She alleges that she was ultimately fired

March 12, 1993, without warning, due to the racial bias of her immediate supervisors. Ms. Short alleges that the only reason for termination given to her by her supervisor was that she displayed a lack of respect for authority. In addition to claiming that the Plaintiff was fired for insubordination, the Defendant also alleges that the Plaintiff had a history of being absent and untimely.

The Plaintiff filed a complaint with the New York State Division of Human Rights, which found no probable cause to believe that the Defendant had discriminated against the Plaintiff. She then filed a complaint with the Equal Employment Opportunity Commission's New York District Office ("EEOC"), which supported the finding of the Division of Human Rights. In both of these complaints, the Plaintiff claims only race discrimination, and not sex discrimination or failure to promote.

## STATUTE OF LIMITATIONS

■ There is some question as to whether the Plaintiff filed her complaint in this court within ninety days of receiving the determination from the EEOC as required by 42 U.S.C. § 2000e–5(f)(1). *See Cornwell v. Robinson,* 23 F.3d 694, 706 (2d Cir.1994). The Plaintiff did not receive the EEOC determination in the mail. She went to the EEOC District Office for New York and personally retrieved the notice on August 22, 1996. It appears that the Plaintiff was notified that she had certified mail waiting at the Post Office, but she did not respond to the Postal notification. After the Post Office sent several notices to the Plaintiff, the letter was returned to the EEOC.

The letter is dated June 12, 1996 and the envelope is post-marked June 13, 1996. The Plaintiff is presumed to have received the letter within three days of its mailing, or on June 17, 1996, June 16 being a Sunday. *See* Fed. R. Civ. Proc. 6(e). The Plaintiff was therefore required to file suit in this Court by September 16, 1996, and she filed September 18, 1996, two days past this deadline.

The Court of Appeals for this Circuit, however, has upheld a ruling that a certified letter is not "received" until a party is actually notified at her home mailing address that certified mail is available for pick-up. *O'Neal v. Marine Midland Bank,* 848 F.Supp. 413, 419 (W.D.N.Y.1994), *aff'd,* 60 F.3d 812 (2d Cir.1995). The letter is only presumed to have reached Ms. Short's Post Office within three days, but it is possible that Ms. Short did not receive the pick-up notice until several days later. If she received the pick-up notice on June 20, then the Plaintiff's complaint is timely.

Resolution of this particular issue would require a hearing to resolve when and if the Plaintiff received notice that she had certified mail available for pick-up, and why the Plaintiff failed to retrieve the letter from the Post Office, but instead ventured to the EEOC Office to personally retrieve her determination. *See O'Neal,* 848 F.Supp. at 421–22 (issue of fact as to date of receipt of certified mail requires hearing where insufficient facts on record to make determination). This is unnecessary, however, in light of the fact that the Defendant raises other grounds on which the complaint can be dismissed.

The particular facts of this case warrant dismissing the complaint on its lack of merit, rather than delaying this matter any further to determine whether the Plaintiff's complaint was timely filed. This Court will therefore presume that the Plaintiff did indeed file within the statutory time limit. *See, e.g., Williams v. Enterprise Leasing of Norfolk/Richmond,* 911 F.Supp. 988, 994 (E.D.Va.1995).

## EXHAUSTION OF REMEDIES

■ Title VII of the Civil Rights Act of 1964 requires that a plaintiff exhaust administrative remedies by filing a claim with the EEOC before seeking relief in Federal Court. 42 U.S.C. § 2000e–5(e)(1); *See Butts v. City of New York Dep't of Housing Preservation and Dev.,* 990 F.2d 1397 (2d Cir.1993). This Court lacks jurisdiction if the Title VII complaint filed in this Court is not reasonably related to the investigation that would reasonably stem from the facts provided in the EEOC complaint. *Id.* at 1401–02.

■ The Plaintiff's claim of discriminatory treatment and discharge set forth in her complaint to the EEOC would not give rise

to the same type of investigation which would result from a claim of sex discrimination, or a claim of failure to promote. *See, e.g., Clements v. St. Vincent's Hosp.,* 919 F.Supp. 161, 163 (S.D.N.Y.1996)(race discrimination claim not reasonably related to sex discrimination claim); *see also, Butts,* 990 F.2d at 1402 (failure to promote claim not reasonably related to claim of discrimination in terms and conditions of employment). The Plaintiff's claims of sex discrimination and failure to promote are therefore dismissed for failure to exhaust administrative remedies.

## RACE DISCRIMINATION

 The Plaintiff has failed to establish a prima facie case with regard to her remaining claims of racially discriminatory conditions of employment and termination. A plaintiff alleging discriminatory termination must prove that she is a member of a protected class, that she maintained satisfactory job performance, that she was discharged, and that she was treated in such a way that the court could logically infer that the stated reasons for termination are pretextual and discrimination was the actual motive. *McCullough v. Financial Info. Servs. Agency,* 923 F.Supp. 54, 56 (S.D.N.Y.1996). Such inferences can be made when the plaintiff is replaced by someone outside of her protected class, or when the plaintiff can establish a record of satisfactory performance. *Id.* (citations omitted).

This Court concludes that the Defendant had legitimate and non-discriminatory grounds to terminate the Plaintiff based on her unsatisfactory job performance. Furthermore, this Court can not conclude that the Plaintiff was subject to discriminatory conditions while employed, or that the Defendant's treatment of the Plaintiff while she was employed indicates that her termination was due to anything other than her unsatisfactory job performance.

The Defendant has adequately established that the Plaintiff's work and conduct were the reasons for termination. The Plaintiff fails to present any evidence of satisfactory performance and concedes that she was repeatedly late and absent. The Plaintiff clearly states in her affidavit attached to her EEOC complaint that she was warned about her repeated errors, not completing assignments, being uncooperative, and attendance problems. Pl. Mem. of Law in Opp'n to Dismiss, Aff. at 2–3. Her claim that she was fired without any evaluation or warning is incredible. The Plaintiff also states that her supervisor told her that perhaps less conversation on the job would improve her performance. She then alleges that other non-Black employees were permitted to converse while she was directed not to, and concludes that this restriction resulted from racial discrimination. This Court finds the Plaintiff's conclusion utterly without merit. Furthermore, the Plaintiff concedes several legitimate grounds for her employer's dissatisfaction with her job performance, stating:

> Anytime I notified either [supervisor] that I would be late reporting to work they would insist upon knowing how late I would be. This happened frequently. At times I would give them a ridiculous time. Pl. Mem. of Law in Opp'n to Dismiss, Aff. at 3.

The Plaintiff thus admits insubordination, being less than candid with her supervisors, and frequent lateness—all legitimate and non-pretextual reasons for her supervisors' dissatisfaction with her job performance.

Ms. Short vaguely asserts that other employees were not treated as harshly for similar behavior and implies that her employers were unjustified in limiting her access to her former place of business. Her general grievances with her work environment and treatment are not adequate evidence of racial discrimination. *McCullough,* 923 F.Supp. at 57 (plaintiff alleged racial discrimination but failed to contest employer's accurate claims of poor performance and gave no specific facts supporting discrimination). Finally, the EEOC investigation established that Ms. Short was replaced by another Black woman. The Plaintiff therefore fails to satisfy the other factor that could possibly give rise to an inference of discriminatory termination as set forth in *McCullough.* Def. Aff., Ex. B. It can not be concluded from any facts before this Court that the Plaintiff was subjected to racial discrimination by the Defendant.

**264**

## CONCLUSION

The Defendant's motion to dismiss is granted. The Plaintiff's request for appointment of counsel is moot. SO ORDERED.