**Steven C. ISAAC, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, New York City Department of Probation and Richard Levy, in his Individual Capacity, and as an aider and abettor, Frank Marchiano, in his individual capacity and as an aider and abettor, Defendants–Appellees.**

No. 06–4613–cv.

United States Court of Appeals, Second Circuit.

March 26, 2008.

---

**62**

Ambrose W. Wotorson, Brooklyn, NY, for plaintiff-appellant.

Dona B. Morris, Assistant Corporation Counsel (Francis F. Caputo, Eric Eichenholtz, of counsel; Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief), New York, NY, for defendants-appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Steven C. Isaac[1] appeals the judgment of the District Court for the Southern District of New York (Paul A. Crotty, *Judge* ) entered on August 28, 2006. We assume the parties' familiarity with the underlying facts and procedural history in this case.

### I.  Summary Judgment Rulings

Isaac challenges the District Court's grant of summary judgment on his discriminatory termination and retaliation claims against the City of New York under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and against Department of Probation ("DOP") First Deputy Commissioner Richard Levy and DOP Deputy Commissioner Frank Marchiano, under 42 U.S.C. § 1981.[2] We review de novo the District Court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party. *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 172 (2d Cir.2005).

Isaac argues that the District Court erred in dismissing his discriminatory termination claim because he made out a *prima facie* case of racial discrimination. Isaac also claims that he satisfied his burden of showing that the legitimate reasons claimed by defendants for terminating Isaac were pretextual.

"In order to make out a prima facie case of racial discrimination in the termination of employment in violation of Title VII, a plaintiff is required to adduce some evidence that would permit a factfinder to infer, *inter alia*, that the termination occurred under circumstances giving rise to an inference of discrimination." *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir.2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). After plaintiff satisfies this minimal burden, "the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the termination, . . . which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *Id.* (internal citations and quotation marks omitted). If the employer can satisfy this burden, "the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons of-

---

1. In the District Court, plaintiff-appellant's last name was misspelled as Isaacs. On appeal, the official caption has been changed to reflect the correct spelling of his name as Isaac.

2. Isaac does not argue on appeal that the District Court erred in dismissing his Title VII claims against Levy and Marchiano, his claims against the Department of Probation, his 42 U.S.C. § 1983 claims against the City, or his due process claims against all defendants.

fered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (internal quotation marks omitted). If plaintiff fails to "show that there is evidence that would permit a rational factfinder to infer that the employer's proffered rationale is pretext, summary judgment dismissing the claim is appropriate." *Id.*

■ The District Court did not err in granting summary judgment in favor of defendants on Isaac's claim of discriminatory termination. Even assuming *arguendo* that Isaac established a *prima facie* case of racial discrimination, defendants articulated a legitimate non-discriminatory reason for the termination. *See Jute,* 420 F.3d at 179–80 (holding that defendant satisfied its burden of articulating legitimate non-retaliatory reasons to explain actionable claims of adverse employment action). As the District Court found, defendants testified that Isaac, "required an inappropriate level of supervision and oversight," failed to show the necessary leadership qualities for his position, and made little progress on the project he was hired to undertake—setting up new Resource Development Units for the DOP. *See Isaacs v. City of New York,* No. 04–5108, 2005 WL 3466051, at *15–16 (S.D.N.Y. Dec. 16, 2005). Isaac, in turn, did not satisfy his burden to present evidence that would permit a rational factfinder to infer that the reasons for his termination were pretextual. In particular, Isaac's assertion that a hiring freeze hindered his efforts to proceed with staffing the Resource Development Units fails to rebut defendants' claims that he required high levels of supervision or that he neglected to use the resources that were at his disposal to set up the units.

■ Isaac also argues that the District Court erred in dismissing his retaliation claim. Section 704 of Title VII prohibits an employer from "discriminat[ing] against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e–3(a).[3] To establish a *prima facie* case of retaliation, a plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Jute,* 420 F.3d at 173 (internal quotation marks omitted). "If a plaintiff sustains the initial burden, a presumption of retaliation arises. In turn, under the second step of the burden-shifting analysis, the onus falls on the employer to articulate a legitimate, non-retaliatory reason for the adverse employment action. Finally, as for the third step, once an employer offers such proof, the presumption of retaliation dissipates and the employee must show that retaliation was a substantial reason for the adverse employment action." *Id.* (internal citation omitted).

Isaac's argument that the District Court erred in dismissing his retaliation claim fails for the same reason that his discriminatory termination claim fails. Even assuming that Isaac established a *prima facie* case of retaliation, Isaac failed to show that retaliation—as opposed to his failure to accomplish the task he was hired to perform and demonstrate leadership and initiative—was a substantial reason for the

---

3. Section 703(a) defines an "unlawful employment practice" as follows:
"It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." *42 U.S.C. § 2000e–2(a)(1).*

adverse employment action. *See Smith v. American Express Co.*, 853 F.2d 151, 154–55 (2d Cir.1988) (holding that summary judgment was appropriate where plaintiff's allegations that the reasons given for the denial of his promotion were pretextual were "conclusory and unsupported by evidence of any weight").

## II. Rulings on Isaac's Motion to Set Aside the Jury Verdict on His First Amendment Claim that He was Terminated for Protesting Racially Discriminatory Practices

■ Isaac argues that admission of evidence at trial that he was not personally a victim of race discrimination and that defendants did not discriminate against others was prejudicial as it confused the jury and impermissibly assailed his credibility on a matter not in issue. Under Rule 402 of the Federal Rules of Evidence, to be admissible, testimony on factual issues must be relevant, but relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. "We review a district court's evidentiary rulings under a deferential abuse of discretion standard, and will not disturb such rulings unless they are manifestly erroneous." *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006) (citation and internal quotation marks omitted).

We find that the District Court did not exceed its allowable discretion in denying Isaac's evidentiary claims. First, the District Court properly allowed defense counsel to use Isaac's Complaint with the Equal Employment Opportunity Commission to refresh Isaac's recollection. *See 20th Century Wear, Inc. v. Sanmark–Stardust Inc.*, 747 F.2d 81, 93 n. 17 (2d Cir. 1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1755, 84 L.Ed.2d 818 (1985) (noting that a "trial judge has broad discretion to organize or limit the use of evidence to refresh

recollection"). Isaac was not denied the right to inspect the document or to have his counsel re-direct questions on it, and does not argue that he was denied the right to introduce relevant portions into evidence. *See* Fed.R.Evid. 612.

■ Second, the evidence Isaac claims was objectionable was relevant to disputed issues. Testimony about available procedures for complaining about discrimination was relevant because Isaac claimed he was fired for complaining about discriminatory actions. In addition, evidence that defendants hired another African–American to work on starting up the Resource Development Units after terminating Isaac was relevant to whether the alleged discrimination was based on race and to Isaac's claim that defendants fired him for complaining about racial discrimination. The District Court did not exceed its allowable discretion in determining that the probative value of this evidence was not outweighed by any danger of unfair prejudice or confusion. *See, e.g., Leopold v. Baccarat, Inc.*, 174 F.3d 261, 270 (2d Cir.1999) (holding that where both the danger of unfair prejudice and probative value were substantial the district court's determination to admit the evidence did not exceed its allowable discretion). Moreover, the evidence supporting the verdict was plentiful, and Isaac cannot show that the District Court's evidentiary rulings at trial affected his substantial rights so as to merit setting aside the verdict. *See* Fed.R.Civ.P. 61.

■ Finally, Isaac argues that, despite the District Court's curative instruction, defense counsel's summation comments that arguably insinuated Isaac brought this action due to defendants' race were so severely prejudicial as to merit a new trial. While it is true that a party may be entitled to a new trial when opposing counsel's conduct caused prejudice to that party

such that it unfairly influenced the verdict, *see Greenway v. Buffalo Hilton Hotel,* 143 F.3d 47, 51 (2d Cir.1998), in this case, the comments were not so prejudicial. Moreover, given the District Court's willingness to adopt the remedial measures suggested by Isaac and Isaac's failure to object at that point, we conclude that the District Court did not exceed its allowable discretion in denying Isaac's motion to set aside the jury's verdict on this ground. *See Tesser v. Board of Educ. of City School Dist. of City of New York,* 370 F.3d 314, 322 (2d Cir.2004).

We have considered all of Isaac's arguments and find them to be without merit. The decision of the District Court is therefore AFFIRMED.