108 F.3d 1370
 9 NDLR P 284
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Agnes SHABAT, Individually and on Behalf of Her Minor
Children, Talia Shabat and Jonathan Shabat, Plaintiffs,
Moshe SHABAT, Plaintiff-Appellant,
v.
Frank BILLOTTI, Individually and as Blue Choice System
Coordinator, Tom Napier, Individually and as
Senior Programmer Analyst, Greg Storm,
Individually and as Programmer
Analyst, Defendants,
Blue Cross Blue Shield of the Rochester Area, Douglas
Heywood, Individually and as Blue Choice
 No. 96-7638.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 APPEARING FOR APPELLANT: NIRA T. KERMISCH, ESQ. ROCHESTER, NEW YORK
 APPEARING FOR APPELLEE: PAUL J. YESAWICH, III, ESQ. HARRIS BEACH & WILCOX, LLP ROCHESTER, NEW YORK
 PRESENT: Hon. John M. Walker, Jr., Hon. Joseph M. McLaughlin, Hon. Harlington Wood Jr.,* Circuit Judges,
 SUMMARY ORDER
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York (Larimer, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Plaintiff-appellant Moshe Shabat ("plaintiff" or "Shabat") appeals from the May 16, 1996 judgment of the district court granting defendants-appellees ("defendants" or "Blue Cross") summary judgment on Shabat's federal discrimination and retaliation claims, which were brought pursuant to both 42 U.S.C. § 2000e et seq. ("Title VII") and 29 U.S.C. § 701 et seq. ("Rehabilitation Act"), and on Shabat's pendent state law claim, brought pursuant to the New York State Human Rights Law, N.Y. Exec. L. § 296. Shabat's principal argument on appeal is that disputed issues of material fact exist with respect to each of his claims that preclude the entry of summary judgment for defendants. For the following reasons, we affirm.
 
 
 3
 Shabat's Title VII religion and national origin claims are based on two different theories: first, that Shabat was subjected to a hostile work environment, and second, that Shabat was subject to disparate treatment on account of his religion and national origin. With respect to the former claim, the law is clear that "[w]hen the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." Harris v. Forklift Sys., Inc., 510 U.S. 17, 20 (1993) (citations and internal quotations omitted). In order to prevail on a hostile work environment claim, a plaintiff must show both "(1) that his workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his employment and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." Briones v. Runyon, 101 F.3d 287, 291 (2d Cir.1996).
 
 
 4
 Reviewing the district court's determination de novo, see B.F. Goodrich v. Betkoski, 99 F.3d 505, 513-14 (2d Cir.1996), we find that although plaintiff has alleged incidents which, if true, certainly evidence insensitivity on the part of certain co-workers towards plaintiff's religion, these incidents, considered among the totality of the circumstances, see Tomka v. Seiler Corp., 66 F.3d 1295, 1305 (2d Cir.1995), are nonetheless insufficient to support a hostile work environment claim. We find particularly significant the facts that (1) the incidents perceived by plaintiff to evidence anti-Semitic and anti-Israeli animus were relatively few in number (roughly nine), and they occurred over a three and one-half year period, and (2) that several of the incidents were not objectively hostile, but rather, were merely construed that way by Shabat. In short, we agree with the district court's conclusion that "neither the frequency nor the severity of the allegedly discriminatory conduct supports plaintiff's claim in this case." Shabat v. Blue Cross Blue Shield, 925 F.Supp. 977, 983 (W.D.N.Y.1996).
 
 
 5
 We also agree with the district court that plaintiff has failed to state a claim of disparate treatment under Title VII, and, in particular, we agree that plaintiff has failed to plead facts sufficient to establish that Shabat was the victim of an "adverse action" taken by Blue Cross. See Holt v. KMI-Continental, Inc., 95 F.3d 123, 130 (2d Cir.1996). For example, although plaintiff asserts that he was denied a promotion and that he received unfavorable performance evaluations as a consequence of defendant's animus, the record reveals just the opposite: Shabat was in fact promoted and his performance evaluations, although critical of Shabat's ability to interact with co-workers, were nearly uniform in their praise for the quality of Shabat's work. To the extent that Shabat's disagreement with the criticism contained in his evaluations propels his disparate treatment claim, we note that "[t]he fact that an employee disagrees with an employer's evaluation of him does not prove pretext." Billet v. CIGNA Corp., 940 F.2d 812, 825 (3d Cir.1991). We also note that Shabat has completely failed to identify any similarly situated employee who was treated less favorably than he was--a prerequisite to stating a viable claim under these circumstances. See, e.g., Hargett v. National Westminster Bank, USA, 78 F.3d 836, 839 (2d Cir.1996).
 
 
 6
 For similar reasons, we conclude that plaintiff has not alleged facts sufficient to support a prima facie case of retaliation. In particular, we agree that plaintiff has failed to allege that any particular adverse employment action was ever taken against him as a consequence of his complaints about perceived discrimination. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir.1996). Because Shabat presents no evidence of retaliation, summary judgment was properly granted on his retaliation claims.
 
 
 7
 Finally, we conclude that Shabat's claim under the Rehabilitation Act was properly dismissed. To state a claim for discrimination under this Act, Shabat was required to allege facts showing (1) that Blue Cross is subject to the statute; (2) that Shabat is an individual with a disability within the meaning of the statute; (3) that, with or without reasonable accommodation, he could perform the essential functions of the job; and (4) that the employer had notice of plaintiff's disability and failed to provide reasonable accommodation. See Lyons v. Legal Aid Soc'y, 68 F.3d 1512, 1515 (2d Cir.1995). Assuming arguendo that plaintiff has satisfied the first three elements, we agree with the district court that Shabat has failed to allege facts that would enable a reasonable juror to conclude that defendant failed to accommodate his disability. Specifically, we note that there is no evidence that plaintiff sought any accommodation for his hearing disability or that Blue Cross refused to provide such accommodation. We also fail to see how defendant's alleged failure to accommodate Shabat has resulted in Shabat's exclusion from any aspect of his employment. See Rothschild v. Grottenthaler, 907 F.2d 286, 289-90 (2d Cir.1990). For these reasons, plaintiff's Rehabilitation Act claim was properly dismissed.
 
 
 8
 We have carefully considered plaintiff's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above and in the well-reasoned opinion of the district court, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood Jr. of the United States Court of Appeals for the Seventh Circuit, sitting by designation